**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 26 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00991-BNB

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

COUNTY OF DOUGLAS,
BILL RITTER,
JAMES J. PETERS,
PAMELA MORGAN,
SANDRA MACINTOSH, and
SUZANNE PINTO,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff, Robert Wayne Robinson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado. He initiated this action on April 14, 2011, by filing *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and various other statutes. Mr. Robinson's civil rights complaint appropriately is initiated pursuant to § 1983 because he is a state prisoner suing state defendants.

The Court must construe Mr. Robinson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Robinson will be directed to file an amended complaint.

The Court has reviewed the complaint and finds that it is deficient. The Court initially notes that Mr. Robinson's challenge to, and request for the reversal of, his convictions in the District Court of Douglas County, Colorado, are not appropriate in this civil rights action. Such a challenge and request for relief are appropriately asserted in a habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

To the extent Mr. Robinson is challenging the validity of his convictions and sentence, he must do so in a separate habeas corpus action pursuant to 28 U.S.C. § 2254. To the extent he is challenging the conditions of his confinement, he may do so in the instant civil rights action. The Court also notes that Mr. Robinson already has initiated a separate habeas corpus action asserting a version of the primary claim he alleges in this action, i.e., that he received unconstitutional competency and sanity evaluations pretrial because psychologists conducted the evaluations when state law required psychiatrists to conduct them. *See Robinson v. Davis*, No. 10-cv-02692-BNB (D. Colo. filed Nov. 4, 2010). In the instant action, he further alleges the defendants have conspired to conceal the asserted constitutional violations.

More importantly, the Court finds that the application is deficient because Mr. Robinson fails to provide a clear statement of the claims he is raising in this action and the factual basis for each claim. Instead of asserting each claim in a short and concise statement, he has presented a single-spaced discussion of one asserted claim in a verbose and run-on narrative format. He asserts jurisdiction pursuant to § 1983 and various other statutes, but he fails to allege which claims are asserted pursuant to which statute. For example, in his request for relief he cites the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973 but fails to allege which, if any, claim is asserted pursuant to the ADA or Rehabilitation Act. Instead, his reference to these statutes appears to attack the allegedly unconstitutional competency and sanity evaluations he received pretrial, and do not concern his current conditions of confinement. Similarly, he names as defendants Colorado psychologists Pamela Morgan, Sandra Macintosh, and Suzanne Pinto because these defendants conducted the allegedly unconstitutional competency and sanity evaluations--actions which appear to be unrelated to his current confinement conditions.

Although Mr. Robinson alleges that his constitutional rights were violated, he does not specify which acts by which defendants allegedly violated his constitutional rights. Instead, Mr. Robinson generally alleges violations of his rights to due process, equal protection, and to be free from cruel and unusual punishment. This shotgun approach prevents the Court and Respondents from knowing what specific constitutional claims are being asserted and from being able to address and respond to those claims.

Having reviewed Mr. Robinson's complaint, the Court finds that the complaint

3

does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Robinson apparently expects the Court and the defendants to separate his allegations into distinct claims. That is not a judicial function, nor is it the defendants' responsibility. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). To state a claim in federal court, Mr. Robinson "must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court, therefore, will give Mr. Robinson one opportunity to file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 by asserting individual claims appropriate in a civil rights action in a manageable format within one succinct document. In the amended complaint, Mr. Robinson must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Robinson must name and show how the named defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor, such as former Governor Bill Ritter, is only liable for constitutional violations that he or she causes. ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), ***cert. denied***, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Robinson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Robinson uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

Mr. Robinson appears to be suing an improper party. Municipalities and municipal entities, such as the County of Douglas, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Robinson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Robinson filed is difficult to read because it is single-spaced. The amended complaint Mr. Robinson will be directed to file shall be double-spaced and, if handwritten, written legibly, in capital and lower-case letters.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Robinson will be given one opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8 and alleges specific facts that demonstrate how each

named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Robert Wayne Robinson, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Robinson, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Robinson fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 26, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00991-BNB

Robert Wayne Robinson
Prisoner No. 49082
Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk