FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 7 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00991-BNB

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

COUNTY OF DOUGLAS,
BILL RITTER,
JAMES J. PETERS,
PAMELA MORGAN,
SANDRA MACINTOSH, and
SUZANNE PINTO,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Robert Wayne Robinson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado. Mr. Robinson has filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Although Mr. Robinson asserts jurisdiction both pursuant to § 1983 and *Bivens*, the instant action properly should have been initiated pursuant to § 1983 because Mr. Robinson is not a federal prisoner. He also asserts jurisdiction pursuant to the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

In the amended complaint, Mr. Robinson asks for injunctive relief, specifically the "technical exoneration of guilt" and a "directed verdict of insanity." ECF No. 9 at 16. As

a result, he appears to be challenging his 2004 conviction in the District Court of Douglas County, Colorado. Mr. Robinson also is challenging his 2004 conviction in a separate habeas corpus action initiated pursuant to 28 U.S.C. § 2254 and currently pending before the Court. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Robinson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Robinson is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this

statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Robinson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the amended complaint and the action will be dismissed.

Mr. Robinson was convicted on September 1, 2004, in Douglas County District Court Case Number 02CR382 on charges of aggravated robbery, criminal mischief, menacing, third-degree assault, and resisting arrest, and was sentenced to sixty-four years of imprisonment. In the instant action, he is suing Douglas County, the former governor of the State of Colorado, a former district attorney, and three psychologists, each of whom he contends violated his constitutional rights during the course of his state court criminal proceedings.

However, he postures his claims as asserting unconstitutional conditions of confinement during his detention at the Douglas County Detention Center and Colorado Mental Health Institution in Pueblo, Colorado, when he allegedly was suffering from a mental disease or defect and incompetent to proceed to trial. He contends that Defendants conspired to cover up the unconstitutionality of Colorado's

3

incompetency and insanity statutes prior to 2008, and that this cover-up continues to deprive him of the expert psychiatric mental health care and treatment to which he is entitled. He does not make any other allegations that the current conditions of his confinement are unconstitutional.

Mr. Robinson's § 1983 claims will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87.

Although Mr. Robinson does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Mr. Robinson's assertion of ADA and Rehabilitation Act violations clearly is another attempt to challenge his conviction.

4

Because of the nature of Mr. Robinson's allegations, his request for injunctive relief necessarily implies the invalidity of his conviction or sentence. *Lawson*, 67 Fed. Appx. at 526 n.2 (citing ***Kutzner v. Montgomery Cnty.***, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983"). Success on Mr. Robinson's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for injunctive relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14. As previously stated, Mr. Robinson already has initiated a habeas corpus action in this Court. The instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). ***See Hafed v. Federal Bureau of Prisons***, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this __7th__ day of ____September____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00991-BNB

Robert Wayne Robinson
Prisoner No. 49082
Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk